### AMERICAN CAR & FOUNDRY CO. v. MATZOK.

(Circuit Court of Appeals, Third Circuit.  December 7, 1915.)

#### No. 1983.

1. APPEAL AND ERROR &#x9C;757—BRIEFS—STATEMENT OF QUESTIONS INVOLVED.

   Under the express provisions of rule 24 of the Third circuit (224 Fed. xvii, 137 C. C. A. xvii), the brief of plaintiff in error should contain a statement of the questions involved in the briefest and most general terms, without names, dates, amounts, or particulars of any kind whatever. The statement pursuant to such rule in this case commended.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3092; Dec. Dig. &#x9C;757.]

2. MASTER AND SERVANT &#x9C;288, 289—ACTIONS FOR INJURIES—QUESTIONS FOR JURY.

   Plaintiff, an electric craneman in defendant's car factory, was injured when a steel wire rope on his crane broke as he was lifting steel car parts. The rope was new, but the proof showed that the ropes became unfit for use, even on very brief service; that their life varied from an hour to a month, with an average of life of five working days; that they had to be inspected constantly, two or three times a day, and might become unsafe within ten minutes of being inspected. There was evidence that plaintiff saw the rope was torn, called the foreman's attention to it, and that the foreman told him the rope was all right, and directed him to go ahead. *Held* that, in view of the fact that the foreman regarded the rope as safe and directed its use, and that the services of experienced inspectors were required to determine the safety of such ropes, and that its incapacity to hold was a latent and not a patent defect, plaintiff did not as a matter of law assume the risk, and whether he was negligent was a question for the jury.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1068–1090, 1092–1132; Dec. Dig. &#x9C;288, 289.]

---

&#x9C;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. APPEAL AND ERROR ⬦⟶1002—REVIEW—QUESTIONS OF FACT.

> Where the only persons who saw an accident whereby an employé was injured were the injured employé and his foreman, and an action for injuries substantially narrowed to a question of credibility between them, an appellate court must accept a verdict for the employé as establishing his version of the facts.

> [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. ⬦⟶1002.]

In Error to the District Court of the United States for the Middle District of Pennsylvania; Chas. B. Witmer, Judge.

Action by Wasil Matzok against the American Car & Foundry Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Fred Ikeler, of Bloomsburg, Pa., G. A. Orth, of St. Louis, Mo., and Charles J. Hardy, of New York City, for plaintiff in error.

Paul J. Sherwood, of Wilkes-Barre, Pa., and R. W. Archbald, of Scranton, Pa., for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below Wasil Matzok, a citizen of Russia, brought suit against the American Car & Foundry Company, a corporate citizen of New Jersey, and recovered a verdict for personal injuries. On entry of judgment thereon, the Car Company sued out this writ.

[1] Pursuant to a rule of this court which provides that the brief shall contain "a statement of the question or questions involved which shall be in the briefest and most general terms, without names, dates, amounts or particulars of any kind whatever" (rule 24, § 2 (c), 224 Fed. xvii, 137 C. C. A. xvii; see also rule 34 of the Supreme Court of Pennsylvania), counsel have tersely summarized the questions involved as follows:

> "(a) Whether, under the undisputed evidence, the court should have held, as a matter of law, that the plaintiff assumed the risk of injury.

> "(b) Whether, under the undisputed evidence, the court should have held, as a matter of law, that the plaintiff was guilty of contributory negligence.

> "(c) Whether, under all the evidence, the court should have directed a verdict for the defendant."

These questions are based on the refusal of requests to charge, and as the several assignments show that in each of such requests there was a prayer for binding instructions to the jury, it will be seen that all of them finally center in the underlying question raised by the defendant's point:

> "That under all the law and evidence in the case, the verdict of the jury must be for the defendant."

To settle this underlying question we turn to the facts.

[2, 3] The plaintiff, who was employed as an electric craneman in defendant's car factory, was injured when a steel wire rope on his crane broke as he was lifting steel car parts. The break of the cable caused a rebound, which in turn caused a certain part of the mechan-

⬦⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ism to escape from a hook from which it was suspended and crush the plaintiff's leg. The negligence charged was that the rope was unsafe and unfit for use. While the wire rope was new, the proofs were that such ropes were liable to become unfit for use even on very brief service; that they had to be inspected constantly, two or three times a day; that the life of such a rope varied from an hour to a month; that the average life was five working days; that its defects were discovered by stripping the hand over it to discover parted strands; and that a new rope, within ten minutes of being inspected, was liable to become unsafe. It will thus be apparent the necessity for careful and frequent inspection was more insistent than with the usual run of appliances.

The plaintiff testified that just before the accident he hoisted the load a little ways and saw that the rope was torn, whereupon he stopped the hoist and called the foreman's attention to it, and "showed him the rope was not any good"; that the foreman told him the rope was all right and directed him to go ahead; that he followed such directions and started to hoist; that when he did so the rope parted and he was injured. The foreman denied such conversation had taken place, and the defendant's contention was that the injury was caused by the plaintiff negligently allowing his load to engage the lattice of a column and in unduly and needlessly straining the rope in endeavoring to hoist his load when so held by the column. As no other persons saw the accident, the case substantially narrowed to a question of credibility between Matzok, the plaintiff, and Durso, the foreman, and we must accept the verdict as establishing Matzok's version.

Such being the case was the court bound, as a matter of law, to hold Matzok, in continuing to use the cable, assumed the risk of its breaking or was guilty of contributory negligence? Clearly not. In view of the fact that the foreman regarded it as safe and directed its continued use, that the services of experienced inspectors were required to determine the safety of such cable, and that its incapacity to hold was a latent and not a patent fact, we think the question of the plaintiff's contributory negligence was therefore peculiarly one for the jury to determine, and not one of law for a court to declare.

The judgment below is therefore affirmed.